# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| SOUTHERN CONCRETE PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:19-cv-01105-STA-jay |
| ) | |
| LIBERTY HOLDINGS, L.P., ) | |
| HILLTOP CONCRETE, LLC, ) | |
| J & S INVESTMENTS, RSTM PACIFIC, LLC, ) | |
| SCOTT J. WEISS, AND CHRISTOPHER J. ) | |
| MILLER, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT ON SWORN ACCOUNT FOR INJUNCTIVE RELIEF, DAMAGES, AND OTHER RELIEF

Plaintiff, Southern Concrete Products, Inc. ("Southern Concrete") for its Second Amended Complaint against Liberty Holdings, L.P., a California Limited Partnership, Scott Weiss, Christopher Miller, J & S Investments, a California General Partnership, RSTM Pacific, LLC, a Delaware limited liability company, and Hilltop Concrete, LLC, a Delaware limited liability company (hereinafter collectively the "Defendants"), shows unto the Court the following:

## JURISDICTION AND VENUE

1.     Southern Concrete is a duly organized and operating Tennessee corporation with an office located in Jackson, Madison County, Tennessee.

2.     Defendant Liberty Holdings, L.P. is a California Limited Partnership with its principal place of business in Tyler, Texas, and may be served with process through its registered agent, Scott Weiss, at 16217 Kittridge Street, Van Nuys, CA 91406.  Liberty

1

Holdings, L.P. is the successor-in-interest to Artisan Precast, Inc., a California Corporation which has been administratively dissolved and had its corporate status revoked by the California Secretary of State. Liberty Holdings, L.P. was converted from a limited liability company to a limited partnership via a certificate of limited partnership conversion filed with the California Secretary of State on or about January 22, 2014.

3. Defendant Liberty Holdings was formerly known as Liberty Holdings, LLC, a California Limited Liability Company, prior to its conversion to a limited partnership on January 22, 2014.

4. Upon information and belief, Defendant Liberty Holdings is owned primarily by RSTM Pacific, LLC, a Delaware limited liability company, a holding company formed and owned by Scott Weiss and his family members through various trusts and holding companies to act as the General Partner for Liberty Holdings.

5. Defendant RSTM Pacific, LLC, a Delaware limited liability company ("RSTM"), may be served through is registered agent, Incorp Services, Inc., 919 North Market Street, Ste. 950, Wilmington, DE 19801.

6. Defendant RSTM maintains its principal place of business at 16217 Kittridge Street, Van Nuys, CA 91406.

7. Defendant Hilltop Concrete, LLC, a Delaware Limited Liability Company ("Hilltop"), is the successor-in-interest to Liberty Holdings, L.P., and may be served with process through its registered agent, Blumberg Excelsior Corporate Services, Inc., 725 Decker Prairie Drive, Austin, TX 78748.

8. Defendant Hilltop is owned through various holding companies and trusts by Scott Weiss and his family, and maintains its principal place of business at 13120 Kallan Ave., Tyler, TX 75703.

9. Defendant J & S Investments, a California General Partnership ("J & S"), may be served through its general partner, Scott Weiss, at 16217 Kittridge Street, Van

2

Nuys, CA 91406.

10. Scott J. Weiss ("Weiss") is an individual resident of California and may be served with process at 25500 Prado De Oro, Calabasas, CA 91302.

11. Christopher J. Miller ("Miller") is an individual resident of Texas and may be served with process at 9361 Lakeshore Dr., Tyler, TX 75703.

12. Venue properly lies in this Court because the underlying transactions and cause of action between Liberty Holdings and Southern Concrete arose in Madison County. Defendant Christopher Miller and Liberty Holdings have contractually agreed to submit all disputes arising out of non-payment for transactions between them to the jurisdiction of the courts of Madison County, Tennessee.

## **FACTS AND ALLEGATIONS**

13. Southern Concrete incorporates by reference the allegations set forth in Paragraphs 1 through 12 above as if restated verbatim herein.

14. At all times material to this cause of action, Liberty Holdings, L.P.'s predecessor-in-interest, Artisan Precast, Inc., was engaged in the sale of precast concrete fencing products.

15. Between 2006 and 2011, Southern Concrete manufactured precast concrete fencing products for Artisan Precast, Inc. at its concrete plant located in Jackson, TN.

16. By 2011, Artisan Precast, Inc. had become insolvent and owed Southern Concrete debt in excess of $300,000.00.

17. Defendant Christopher Miller was the President and operations manager for Artisan Precast, Inc. at the time it became insolvent and went out of business.

18. In late 2011, Miller approached Southern Concrete and represented to Southern Concrete that he had brought on an investor by the name of Scott Weiss, and

3

further advised Southern Concrete that Miller had legally acquired the rights to Artisan Precast, Inc.'s precast concrete fencing molds, business, and customers, and intended to continue to operate the precast concrete fencing business formerly operated by Artisan Precast under new and separate ownership with Weiss under the name Liberty Holdings, LLC d/b/a Artisan Precast.

19. At this time, Miller represented to Southern Concrete that Artisan Precast, Inc. was owned by Craig Lewis, and that Lewis would have no ownership interest in the new entity that Miller and Weiss were forming to continue the former precast concrete fencing business of Artisan Precast, Inc. under the new entity known as Liberty Holdings, LLC d/b/a Artisan Precast. Miller, Weiss and Liberty Holdings, L.P. actively and fraudulently concealed the true ownership of Liberty Holdings, L.P. from Southern Concrete in furtherance of their scheme.

20. In order to induce Southern Concrete to manufacture and ship precast concrete fencing products for Weiss and Miller's newly formed entity, Miller promised Southern Concrete that Weiss and Miller would repay the past due balance in excess of $300,000.00 owed by Artisan Precast, Inc. to Southern Concrete while he was President of Artisan Precast, and that Liberty Holdings, Miller, and Weiss would do so as the business relationship between Southern Concrete and Liberty Holdings, L.P. produced sales of concrete fencing materials for Liberty Holdings d/b/a Artisan Precast.

21. Southern Concrete Products agreed to manufacture concrete fencing products for Liberty Holdings under the express conditions and agreement with Miller that Miller and Weiss would repay Artisan Precast, Inc.'s past due debt to Southern Concrete from the revenue generated by Liberty Holdings, LLC, and that the former owners of Artisan Precast who had left Southern Concrete with an unpaid debt in excess of $300,000.00, would not be involved in the ownership and operation of Liberty Holdings, LLC.

4

22.     Unbeknownst to Southern Concrete, Miller, Weiss, and the former owners of Artisan Precast had devised a scheme and plan to re-organize the business of Artisan Precast and illegally avoid the lawful claims of Artisan Precast's creditors, including Southern Concrete.

23.     The Co-Defendants devised and executed this scheme by forming multiple shell companies and a new entity named Liberty Holdings, LLC in which Weiss and Miller would conspire with the other individual and corporate co-defendants to conceal the former owners of Artisan Precast, Inc.'s continued ownership as limited partners in Liberty Holdings, LLC from Artisan Precast, Inc.'s creditors.

24.     The ownership structure of Liberty Holdings consisted of 50% ownership by RSTM Pacific, LLC as the general partner, and 25% ownership by the Candioty-Werth Living Trust, a limited partner, and 25% ownership by the Lewis Family Trust, a limited partner.  The ownership structure of RSTM Pacific, LLC consisted of 50% ownership by Boulder Investment Group, L.P., 20% ownership by the Michael and Marcee Weiss Living Trust, and 30% ownership by Anthony and Angela Reed.  The ownership structure of Boulder Investment Group, L.P. consisted of 10% ownership by Weiss Alternative Ventures, LLC as the general partner, and the remaining 90% membership interests in the company were owned by the Scott & Debra Weiss Family Trust, Jason Weiss (the son of Defendant Scott Weiss) and Lindsay Weiss (the daughter of Defendant Scott Weiss. Weiss Alternative Ventures, LLC is owned by the Scott and Debra Weiss Family Trust and Jason Weiss, the son of Scott Weiss.  At all times material to this cause of action, Scott Weiss was the Managing Member of Weiss Alternative Ventures, LLC.  At all times material to this cause of action, Weiss Alternative Ventures, LLC had the authority to unilaterally make decisions on behalf of Boulder Investment Group, L.P., RSTM Pacific, LLC, and Liberty Holdings. The ownership structure of Liberty Holdings is depicted in **Exhibit A**.

5

25. Southern Concrete manufactured and supplied Liberty Holdings with precast concrete fencing materials based on Miller's express promise and representation to Southern Concrete that Liberty Holdings did not have common ownership with his former defunct employer, Artisan Precast, Inc., and that Liberty Holdings would repay Artisan Precast's debt that Artisan Precast owed to Southern Concrete. Liberty Holdings d/b/a Artisan Precast paid off some of the debt owed by Artisan Precast when it went out of business throughout the course of the relationship between Southern Concrete and Liberty Holdings.

26. Southern Concrete manufactured and produced custom concrete fencing for Liberty Holdings at its facility located in Jackson, Tennessee. The custom concrete fencing sold by Liberty Holdings between early 2012 and September 2017 was manufactured and shipped from Southern Concrete's plant located in Jackson, Tennessee, to Liberty Holdings' customers across the United States.

27. On or about March 12, 2012, Defendant Liberty Holdings signed a credit application agreement with Southern Concrete (hereinafter the "Agreement") setting forth the financial and business terms for payment for goods manufactured and produced by Southern Concrete for Liberty Holdings d/b/a Artisan Precast, a copy of which is attached hereto as **Exhibit B.**

28. As a part of the Agreement, Defendant Miller personally guaranteed the financial obligations of Liberty Holdings.

29. Pursuant to the Agreement, Liberty Holdings and Miller agreed to exclusive jurisdiction and venue in Madison County, Tennessee for disputes arising out of non-payment of account balances owed by Liberty Holdings and Miller.

30. At all times material to this cause of action, Defendant Miller has been the business manager and operator of Defendant Liberty Holdings, Defendant Hilltop Concrete, and Artisan Precast, Inc.

6

31. At all times material to this cause of action, Defendant Weiss has been Chief Financial Officer, partner, financier, and the person with legal decision-making authority to take organizational action on behalf of Defendants Liberty Holdings, Hilltop Concrete, Boulder Investment Group, L.P., Weiss Alternative Ventures, LLC, RSTM Pacific, LLC, and J & S Investments.

32. Defendants Liberty Holdings, Miller, J & S Investments, RSTM, and Weiss have conspired and engaged in a series of transactions to transfer the assets of Liberty Holdings to Hilltop to avoid the lawful claims of the creditors of Liberty Holdings, including Southern Concrete.

33. Once Liberty Holdings became unprofitable as a result of its significant debt to its vendors and suppliers of at least $850,000.00, including over $100,000.00 in debt to Southern Concrete, Liberty Holdings, Miller, and Weiss caused the assets of Liberty Holdings, including concrete fencing molds, good will, and other business assets to be transferred to Hilltop, which is owned by J & S Investments and Boulder Investment Group, to continue the former concrete fencing manufacturing and sales business of the then defunct Liberty Holdings, without paying off the debt owed by Liberty Holdings to its lawful creditors.

34. Upon information and belief, Miller, Weiss, and the remaining corporate Defendants, which were owned and/or controlled by Weiss and his family members, engaged in this transfer to avoid the lawful creditors of Liberty Holdings by granting a security interest in all of the assets of Liberty Holdings to J & S Investments, a California General Partnership of which Weiss had organizational control and decision-making authority, without receiving adequate consideration.

35. In an effort to trick the creditors of Liberty Holding into compromising the full debt owed by Liberty Holdings to Southern Concrete and its other creditors for 11.5% of the full outstanding balance, Weiss mailed two (2) letters to the creditors of Liberty

7

Holdings, including mailing two (2) letters to Southern Concrete in Jackson, Tennessee. Weiss mailed these letters to Southern Concrete from his office in California dated March 5, 2018 (signed March 7, 2018), and March 20, 2018, in which he represented himself to be the "President" of Liberty Holdings. In these letters, Weiss misrepresented to Southern Concrete that Liberty Holdings owed its secured creditors $1,145,000.00 in secured debt, and further misrepresented that the debt to the secured creditor was owed to J & S Investments, an insider of Liberty Holdings owned and controlled by Weiss. When Weiss mailed these two (2) letters to the creditors of Liberty Holdings, Liberty Holdings had not yet granted a security interest in its assets to J & S Investments, and J & S Investments had not yet perfected its security interest.

36. After Liberty Holdings became insolvent and after sending two (2) letters in March 2018 to Southern Concrete in Tennessee indicating Southern Concrete's position as a unsecured creditor, Weiss entered into an Amended Loan and Security Agreement and Amended Note with J & S Investments to purportedly grant J & S a security interest in all of Liberty Holdings' assets up to a value of $1,185,000.00, based on additional purported loans of up to $1,185,000.00 made by J & S Investments to Liberty Holdings. (See Exhibits 4 and 5 to Declaration of Scott Weiss, Docket Entry No. 9-2, attached hereto as **Exhibit C**). Liberty Holdings did not use the purported loan proceeds from J & S Investments to pay its debt to Southern Concrete or its other creditors. Upon information and belief, these loans were never made by J & S Investments to Liberty Holdings. Weiss signed the Amended Loan and Security Agreement and Amended Note on behalf of Liberty Holdings, representing his legal capacity to be the "President" of Liberty Holdings.

37. In effect, Weiss caused one entity over which he had ownership and control that was deeply indebted to creditors, Liberty Holdings, to give an entity owned and controlled by Weiss and his family and clients, J & S Investments, a superior position of creditor priority over the other unsecured creditors of Liberty Holdings holding

8

approximately $850,000.00 of unsecured debt. Weiss, without receiving adequate consideration and/or caused the assets of Liberty Holdings to be transferred to Hilltop to avoid the lawful claims of the creditors of Liberty Holdings.

38. Upon information and belief, Weiss and Miller formed Hilltop in March of 2018 to acquire the assets of Liberty Holdings from Liberty Holdings directly and/or through J & S Investments in order to continue the concrete fencing and manufacturing business of insolvent Liberty Holdings at Liberty Holdings' former business location of 13120 Kallan Ave., Tyler, TX 75703. Hilltop has used a post office box as its address on its website to conceal its operating address and avoid disclosing its relationship to Liberty Holdings.

39. The ownership of Hilltop consists of a Boulder Investment Group, L.P. as a member and J & S Investments as the other member. At all times material to this cause of action, Weiss held the legal authority to make decisions on behalf of Hilltop, Boulder Investment Group, L.P., Weiss Alternative Ventures, LLC, and J & S Investments.

40. Defendant Liberty Holdings has failed to pay various invoices for the concrete fencing manufactured by Southern Concrete on numerous invoices, ranging in date from September 30, 2014 through July 31, 2017. A copy of the unpaid invoices are attached collectively hereto and incorporated herein by reference as **Exhibit D**.

41. As of December 5, 2018, Defendant Liberty Holdings owed Southern Concrete a total of $108,021.84, plus additional accrued interest, expenses, finance charges and attorneys' fees. A copy of the Affidavit of Sworn Account is attached hereto as **Exhibit E**.

42. Upon information and belief, the assets of Liberty Holdings were co-mingled, diverted, and unlawfully transferred by Weiss, Miller, J & S Investments, and RSTM to Hilltop, such that Liberty Holdings is unable to fulfill its existing obligations to its creditors. Weiss, Miller, J & S Investments, and Hilltop should be considered the alter ego of Liberty

9

Holdings, and should be held jointly and severally liable for any damages to Southern Concrete.

## CAUSES OF ACTION

## COUNT I – COMPLAINT ON SWORN ACCOUNT

43. Southern Concrete incorporates by reference the allegations set forth in Paragraphs 1 through 42 above as if restated verbatim herein.

44. Pursuant to Tenn. Code Ann. § 24-5-107, Southern Concrete have and recover from Hilltop, Liberty Holdings, Weiss, Miller, RSTM, and J & S Investments, jointly and severally, a money judgment in the amount of $108,021.84, plus additional accrued interest, expenses, and finance charges from unpaid invoices to Liberty Holdings from December 5, 2018 to date. The separate legal organizational status of the many entities and or trusts with direct and indirect ownership interest of Liberty Holdings should be set aside based on the misrepresentations and fraudulent scheme undertaken by the co-defendants and each co-defendant should be considered to be the alter ego of Liberty Holdings.

45. Pursuant to Tenn. Code Ann. § 24-5-107, Southern Concrete have and recover from Miller the sums set forth in Paragraphs 41 of this Second Amended Complaint pursuant to the personal guaranty signed by Miller and attached hereto as **Exhibit B**. Pursuant to Tenn. Code Ann. § 24-5-107, and as a result of the fraudulent misrepresentations, misconduct, and fraudulent scheme by Weiss and Miller, Southern Concrete have and recover from Miller and Weiss, jointly and severally, the sums set forth in Paragraph 41 of this Second Amended Complaint.

46. Upon information and belief, Liberty Holdings failed to collect paid in capital of the shareholders.

47. Upon information and belief, Liberty Holdings was grossly undercapitalized.

48. Upon information and belief, the corporate co-defendants were closely-held

10

entities with common ownership and control by Weiss.

49. Upon information and belief, the co-defendants have diverted corporate assets of Liberty Holdings to themselves and/or others to the detriment of Liberty Holdings' creditors.

50. Upon information and belief, Liberty Holdings failed to observe corporate formalities, and should be disregarded as a separate entity from the co-defendants Weiss, RSTM, and J & S Investments.

### COUNT II – FRAUDULENT TRANSFER OF LIBERTY HOLDINGS ASSETS TO J & S INVESTMENTS

51. Southern Concrete incorporates by reference the allegations set forth in Paragraphs 1 through 50 above as if restated verbatim herein.

52. Liberty Holdings granted a lien in the form of a security interest on or about March 24, 2016 in all of its assets to an insider and or affiliate, co-defendant J & S Investments, without receiving fair consideration.

53. Such transfer of all its assets via the lien/security interest granted to J & S Investments was made without receiving a reasonably equivalent value in exchange for the transfer or obligation, and when made, Liberty Holdings was engaged or was about to engage in business or transactions for which the unencumbered assets of the Liberty Holdings were unreasonably small in relation to the business or transaction, and/or Liberty Holdings intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due.

54. Alternatively, Liberty Holdings made such transfer to J & S Investments with the intent of hindering, delaying, defrauding, and/or avoiding the lawful claims of Southern Concrete in violation of the Uniform Fraudulent Transfer Act, Tenn. Code Ann. §§ 66-3-301 *et seq.*

55. All of the assets of Liberty Holdings were transferred to an insider of Liberty

Holdings.

56. Southern Concrete Products is entitled to the relief set forth in Tenn. Code Ann. § 66-3-308.

## COUNT III – FRAUDULENT TRANSFER OF LIBERTY HOLDINGS ASSETS TO HILLTOP

57. Southern Concrete incorporates by reference the allegations set forth in Paragraphs 1 through 56 above as is restated verbatim herein.

58. Liberty Holdings transferred all of its assets to insiders who are the members of Hilltop.

59. Such transfer via the lien/security interest granted to J & S Investments was made without receiving a reasonably equivalent value in exchange for the transfer or obligation, and when made, Liberty Holdings was engaged or was about to engage in business or transactions for which the unencumbered assets of the Liberty Holdings were unreasonably small in relation to the business or transaction, and/or Liberty Holdings intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due.

60. Alternatively, Liberty Holdings made such transfer via the lien/security interest granted to J & S Investments with the intent of hindering, delaying, defrauding, and/or avoiding the lawful claims of Southern Concrete in violation of the Uniform Fraudulent Transfer Act, Tenn. Code Ann. §§ 66-3-301 *et seq.*

61. The assets Liberty Holdings transferred via a lien/security interest to one insider and/or affiliate, J & S Investments, were later transferred to another insider of Liberty Holdings, Hilltop, to continue the business of Liberty Holdings.

62. Southern Concrete Products is entitled to the relief set forth in Tenn. Code Ann. § 66-3-308.

## COUNT IV – CIVIL CONSPIRACY

63. Southern Concrete incorporates by reference the allegations set forth in Paragraphs 1 through 62 above as is restated verbatim herein.

64. In transferring the assets of Liberty Holdings to Hilltop, all of the co-defendants acted with the intent to hinder, delay, and defraud Southern Concrete.

65. Hilltop accepted the transfer of the assets of Liberty Holdings with knowledge of the fraudulent intent of the other Defendants, and also with the intent to hinder, delay, and defraud Southern Concrete.

66. Acting in concert in conducting the transfer of Liberty Holdings' assets, all of the co-defendants accomplished the unlawful purpose of hindering, delaying, and defrauding Southern Concrete by preventing Southern Concrete from pursuing its collection of debt from Liberty Holdings and/or obtaining a judgment against Liberty Holdings, which now has no assets as a result of the fraudulent transfers alleged herein.

## COUNT V – PUNITIVE DAMAGES

67. Southern Concrete incorporates by reference the allegations set forth in Paragraphs 1 through 66 above as if restated verbatim herein.

68. The fraudulent transfer of Liberty Holdings' assets constitutes willful and intentional wrongs justifying punitive damages.

69. The misrepresentations by Weiss and Miller regarding the ownership of Liberty Holdings constitutes willful and intentional wrongs justifying punitive damages.

70. The Defendants' conduct was egregious and malicious, and punitive damages should be assessed to deter Defendants from committing similar acts in the future.

## COUNT VI – FRAUDULENT MISREPRESENTATION

71. Southern Concrete incorporates by reference the allegations set forth in

13

Paragraphs 1 through 70 above as if restated verbatim herein.

72. Weiss, Miller, Liberty Holdings, L.P. and/or other co-defendants misrepresented the ownership structure and involvement of the former owners of Artisan Precast, Inc. in the ownership and operation of Liberty Holdings in an effort to induce Southern Concrete to establish a credit account/line of credit for Liberty Holdings and in an effort to induce Southern Concrete to supply concrete materials and manufacture precast concrete fencing materials for Liberty Holdings on terms other than cash on delivery.

73. The representation regarding the ownership structure of Liberty Holdings was false when made.

74. The Defendants knew the representation was false when made.

75. Southern Concrete reasonably relied upon the misrepresented statement of ownership in establishing a business relationship with Liberty Holdings on credit terms to its detriment, and Southern Concrete suffered damage as a result thereof.

## COUNT VII – BREACH OF CONTRACT

76. Southern Concrete incorporates by reference the allegations set forth in Paragraphs 1 through 75 above as if restated verbatim herein.

77. Miller failed to pay the debts of Liberty Holdings pursuant to the terms of the Agreement containing Miller's personal guaranty with Southern Concrete attached hereto as **Exhibit B**.

78. Miller is jointly and severally liable for the debts of Liberty Holdings, and Southern Concrete is entitled to damages from Miller as a result of said breach of contract.

## COUNT VIII – UNJUST ENRICHMENT / QUANTUM MERUIT (ALTERNATIVE)

79. The allegations contained in paragraphs 1 through 78 are incorporated as if set forth verbatim here and now.

80. In the alternative, based on the conduct described herein, there was a benefit

14

conferred upon the Defendants by Southern Concrete, appreciation by the Defendants of such benefit, and acceptance of such benefit under such circumstances that it would be inequitable for the Defendants to retain the benefit without payment of the value thereof to Southern Concrete.

81. Therefore, because the Defendant has been unjustly enriched, the Defendants are liable to Southern Concrete for the value of the benefit conferred upon the Defendants, for which the Defendants have not paid Southern Concrete.

## **REMEDIES SOUGHT**

WHEREFORE, Plaintiff, Southern Concrete, respectfully demands the following:

i. That proper process issue and be served upon the Defendants requiring them to appear and answer or otherwise respond to this Complaint within the time required by law;

ii. Southern Concrete have and recover from Liberty Holdings, Weiss, Miller, RSTM, Hilltop, and J & S Investments, jointly and severally, a money judgment in the amount of $108,021.84, plus additional late charges, accrued interest, expenses, finance charges and attorneys' fees for the unpaid invoices of Liberty Holdings.

iii. Southern Concrete be awarded additional late charges, interest, and expenses;

iv. Southern Concrete be awarded reasonable attorney's fees;

v. Southern Concrete be awarded damages for Miller and Weiss' fraudulent misrepresentations to Southern Concrete;

vi. Southern Concrete be awarded punitive damages;

vii. That the costs of this cause be taxed against the Defendants;

viii. The Court enter an Order granting Southern Concrete one or more of the following remedies against the Defendants, including without limitation remedies available

pursuant to Tenn. Code Ann. § 66-3-301 *et seq.* and Title 26:

    (a)    Avoidance of the transfer of Liberty Holdings' assets to J & S Investments and/or Hilltop as fraudulent transfers;

    (b)    Attachment against the assets transferred by Liberty Holdings;

    (c)    Attachment against the proceeds of the sale of Liberty Holdings' assets, including without limitation cash proceeds and notes receivable;

    (d)    Entry of a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction against further disposition by the Defendants of any assets of Liberty Holdings or Hilltop Concrete;

    (e)    Entry of an Order requiring that all monies related to the sale and/or transfer of the assets of Liberty Holdings and/or Hilltop be paid into the Court.

    ix.    This Court award such other, further and general relief to which Southern Concrete may be entitled.

WHEREFORE, PREMISES CONSIDERED, Southern Concrete prays that the Court grant Southern Concrete the relief requested herein.

THIS IF THE FIRST AMENDED APPLICATION FOR EXTRAORDINARY RELIEF

Respectfully submitted this the 27th day of January, 2021.

        */s/ Todd D. Siroky*
        Todd D. Siroky (#24708)
        **SIROKY LAW, PLC**
        316 South Shannon Street
        Jackson, TN 38302-1625
        Telephone: (731) 300-3636
        Facsimile: (731) 300-3638
        todd@sirokylaw.com

        *Attorneys for Southern Concrete Products, Inc.*

## CERTIFICATE OF SERVICE

      I certify that I provided a true and correct copy of this document to the following by electronic means via the court's electronic filing system, email, fax or by U.S. mail, postage prepaid, this the 27th day of January, 2021.

| | |
|---|---|
| Jonathan O. Steen<br>Spragins, Barnett & Cobb, PLC<br>312 East Lafayette<br>Jackson, TN  38301<br>jsteen@spraginslaw.com<br>Attorneys for Defendants<br>Hilltop Concrete, LLC, J & S Investments,<br>RSTM Pacific, LLC, Scott J. Weiss, and<br>Christopher J. Miller | Liberty Holdings, LP<br>c/o Scott Weiss, Agent for Service of Process<br>16217 Kittridge Street<br>Van Nuys, CA 91406 |

                                                    s/ Todd D. Siroky